Robert Modica [NY Bar No. 3932456]
GORDON REES SCULLY MANSUKHANI, LLP
1 Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 453-0717

*Attorney for Defendant*
MSC MEDITERRANEAN SHIPPING COMPANY, S.A.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| BACARDI USA, INC., | Case No.:  18-cv-11922-LTS |
| Plaintiff, | **CIVIL ACTION** |
| -against- | **MSC MEDITERRANEAN SHIPPING COMPANY, S.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| MSC CHANNE, her engines, boilers, etc. and MSC MEDITERRANEAN SHIPPING COMPANY, S.A., | |
| Defendants. | |

---

Defendant MSC MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC"), through its attorneys Gordon Rees Scully Mansukhani, LLP, hereby files this Answer to the Complaint of Plaintiff BACARDI USA, INC. ("Plaintiff") herein, and alleges upon information and belief as follows:

1.      ADMITS that Plaintiff states an admiralty claim and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so specifically admitted, DENIES knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph "1" of Plaintiff's Complaint.

2.      DENIES knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "2" of Plaintiff's Complaint.

3.      ADMITS that MSC is a legal entity, but except as so specifically admitted, DENIES the remaining allegations set forth in Paragraph "3" of Plaintiff's Complaint.

4.      DENIES knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "4" of Plaintiff's Complaint.

5.      DENIES the allegations set forth in Paragraph "5" of Plaintiff's Complaint.

6.      DENIES the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7.      DENIES knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8.      DENIES the allegations set forth in Paragraph "8" of Plaintiff's Complaint.

9.      DENIES the allegations set forth in Paragraph "9" of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 30701 *et seq.* and/or other legislation governing this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or other governing legislation.

### THIRD AFFIRMATIVE DEFENSE

The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, sea waybills, tariffs and/or contracts of affreightment, issued for carriage of each shipment, and by which the shipper, consignee and holders of said carriage contract(s) agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for

which this Answering Defendant is not liable by virtue of said dock receipts, bills of lading, sea waybills, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Answering Defendant, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not this Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

If any damage was sustained by the shipment referred to in the Complaint, which is denied, such damage was not caused by or contributed to by this Answering Defendant, and such damage was not sustained by the shipment while in the care, custody or control of this Answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not the real parties in interest to this suit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to give timely notice of this claim.

### EIGHTH AFFIRMATIVE DEFENSE

Any liability of this Answering Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, sea waybills, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or other governing legislation.

### NINTH AFFIRMATIVE DEFENSE

The court lacks in personam jurisdiction over this Answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action should be dismissed pursuant to the forum selection clause and/or arbitration clause in the applicable bills of lading, sea waybills, service contracts and/or other applicable contracts.

## TWELFTH AFFIRMATIVE DEFENSE

The subject cargo was properly delivered in accordance with the terms and conditions of the applicable bills of lading/sea waybills/contract of carriage.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed for improper venue and under the doctrine of forum *non conveniens.*

## FOURTEENTH AFFIRMATIVE DEFENSE

Any liability on the part of this Answering Defendant, which is expressly denied, arises solely under the terms and conditions of the applicable bills of lading/sea waybills/contract of carriage, and/or other contract, and any claims in tort, including, but not limited to claims in bailment and negligence, are improper and should be dismissed in their entirety.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not established damage to the subject goods and therefore cannot establish a prima facie case for recovery against the Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, which are expressly denied, the negligence or fault of others must be compared, which bars or diminishes Plaintiff's rights to recover herein from Answering Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Answering Defendant is not liable for special or consequential damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by Plaintiff constitutes special or consequential damages, Answering Defendant is not liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties such as any and all carriers, freight brokers and/or freight forwarders each of which bears liability to Plaintiff in the place and stead of Answering Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

The claim is time barred by the applicable statute of limitations and/or by the terms and conditions of the applicable bills of lading, sea waybills, contract of carriage, and/or other applicable contract.

## TWENTIETH AFFIRMATIVE DEFENSE

If the shipment referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of negligence and/or breach of contract by Plaintiff, shipper, cargo owner, consignee and/or holder of the said bill(s) of lading and/or sea waybills and while the shipment was in the care, custody, carriage and/or transport of the foregoing agents or contractors acting on their behalf.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If any loss and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss and/or damage was caused by or contributed to by the Plaintiff or others over whom Answering Defendant has no control and for whom it has no liability.

Dated:  New York, New York
      January 17, 2019

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ *Robert Modica*
Robert Modica [3932456]
Attorney for Defendant
MSC MEDITERRANEAN SHIPPING
COMPANY, S.A.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel. #:  (212) 453-0717